WHEELER *v.* LASCH.

1. APPEAL—JURISDICTION—SETTLEMENT OF CASE—TIME.

The jurisdiction of this court to hear an appeal upon its merits is supported against the objection that the case was not settled within four months after the entry of the decree, where the record does not show when the decree was entered, but shows that it was granted September 18th, that the case was settled as of January 18th, and the certificate dated February 1st states that the case is in the same form submitted for settlement, except that amendments submitted on that date by defendants are inserted.

2. FRAUDULENT CONVEYANCES—SETTING ASIDE—EVIDENCE—SUFFICIENCY.

On a bill to set aside as fraudulent a conveyance to a bank and to the creditor's wife, evidence examined, and *held,* to sustain a finding that the sale of the property was for its full value.

Appeal from Wayne; Rohnert, J. Submitted January 4, 1906. (Docket No. 7.) Decided March 5, 1906.

Bill in aid of execution by Frank D. Wheeler against Gustav Lasch, Elizabeth Lasch, the Detroit Savings Bank, and John Hardenbergh. From a decree dismissing the bill, complainant appeals. Affirmed.

*John H. McDonald,* for complainant.

*Miller, Smith, Alexander & Paddock,* for defendants.

OSTRANDER, J. The bill in this cause was filed in aid of execution issued upon a judgment obtained November 29, 1902, against defendant Gustav Lasch, and levied December 9, 1902, upon certain real estate in the city of Detroit. The premises consist of a saloon, with living rooms above it, five 30-foot lots, and a strip of land 28.95 feet by 150 feet in dimensions. The indebtedness represented by the judgment has existed since on or about July 1, 1892.

The point is made in the brief for appellees that this court is without jurisdiction to hear this appeal because the case was not settled within four months from date of entry of decree; that, in any event, it stands for hearing here on the pleadings, orders, files, and decree alone. According to the record, the decree appears to have been granted on the 18th of September, 1903. When it was entered the printed record to which the brief refers us does not state. The case was settled as of January 18, 1904; the certificate stating that it is in the same form submitted for settlement, except that amendments submitted by defendants on that date are inserted. The date of the certificate is February 1, 1904. We conclude that the showing supports the jurisdiction of this court to hear the appeal upon the merits.

Defendant Gustav Lasch, on March 22, 1892, being then unmarried, mortgaged the premises in question for $2,000 to the Detroit Savings Bank. The bank had purchased and held a prior mortgage made to the Home Savings Bank. The bank foreclosed the mortgage made to itself, and bid in the property at the mortgage sale, made July 11, 1902, for the sum of $2,577.80. On July 29, 1902, Lasch was indebted to the bank on account of the two mortgages and certain notes in the sum of $5,549.33. On that day the bank released and canceled all but $4,000 of its claim, took from Lasch a quitclaim deed of the property, gave a quitclaim deed to Mrs. Lasch, and she paid the bank $1,000 cash of her own money and gave to the bank a purchase-money mortgage for $3,000. September 26, 1902, Mrs. Lasch sold to John Hardenbergh and his wife by executory contract for $2,500 a portion of the premises, being all of those described in the bill of complaint excepting the Bristol Place property, so called, and the contract vendees were in possession when complainant's judgment was taken and levy made. It is claimed by complainant that the property conveyed to the bank and to the wife was and is worth about $12,000. Defendants by a supplemental answer set out the fact, and

on the hearing proved that on March 28, 1903, Gustav Lasch was on his voluntary petition duly adjudged bankrupt. It is contended that this adjudication, made within four months after the levy of the execution, discharges the levy. It is further contended that the decree is right upon the facts.

The circuit judge found the property to be worth no more than $5,500. With this finding we agree. Independent of the testimony offered as to values of the property, there is undisputed evidence of its value. The release by the bank of a portion of its claim, and the price fixed upon the sale to the Hardenberghs, is such evidence. The Bristol Place property is valued by a witness for complainant at $3,500, and by defendants at $3,000. Defendants offered in open court to sell it for $3,000, and an adjournment of two weeks was taken to give complainant an opportunity to accept the offer. It is agreed that Mr. and Mrs. Lasch have a home at, and a homestead interest in, this property. There is no reason for doubting the good faith of the sale to the Hardenberghs.

Upon the whole record it does not appear that the transfer to the bank and by the bank to Mrs. Lasch were fraudulent as to creditors of Gustav Lasch, or should be, for any reason asserted, set aside.

The decree is affirmed.

BLAIR, MONTGOMERY, HOOKER, and MOORE, JJ., concurred.